tioned to pay the interest that shall accrue upon all of the mortgages upon said premises pending the stay granted herein, and the taxes upon the property, provided the proceeds of the sale are insufficient to pay plaintiff's claim in full; otherwise, motion for stay denied, and temporary stay vacated. Settle order before Mr. Justice Burr. See, also, 142 N. Y. Supp. 1127. .

LOEWENTHAL v. KLEIN. (Supreme Court, Appellate Division, First Department. July 11, 1913.) Action by Marc Loewenthal against Leo M. Klein. No opinion. Application granted. Order signed.

LONERGAN, Respondent, v. EMERSON ENGINE CO., Inc., Appellant. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Action by Edward A. Lonergan against the Emerson Engine Company, Incorporated. No opinion. Judgment and order affirmed, with costs.

In re LONG ISLAND LOAN & TRUST CO. (Supreme Court, Appellate Division, Second Department. June 20, 1913.) In the matter of the judicial settlement of the account of the Long Island Loan & Trust Company, as trustee under a deed of trust made by Magdalena E. Schmadeke. No opinion. Motion for reargument (of 142 N. Y. Supp. 273) denied, with $10 costs.

LONG ISLAND R. CO. v. JONES et al. (Supreme Court, Appellate Division, Second Department. June 6, 1913.) Action by the Long Island Railroad Company against Daniel S. Jones and others. No opinion. Order affirmed, with $10 costs and disbursements. See, also, 153 App. Div. 915, 138 N. Y. Supp. 1126.

LUSK et al., Respondents, v. LANGHAM, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 11, 1913.) Action by Fred C. Lusk and others against Myrtle L. Langham.

PER CURIAM. Judgment reversed, and new trial granted before another referee, with costs to appellant to abide event, unless the plaintiffs shall, within 10 days, stipulate to reduce the amount of the fund by the amount of the debts owing by Chares Lusk, the husband of the grantor named in the deed in question, but not to exceed the amount paid therefor by John D. Langham, in which event the judgment is modified accordingly, and, as so modified, is affirmed, without costs of this appeal to either party. Held, that the referee improperly struck out the evidence relating to such debts, and that the same, to the extent above indicated, should have been allowed by him against the funds in the hands of the defendant. Settle order before Mr. Justice Robson, on two days' notice.

LYNCH v. MURPHY. (Supreme Court, Appellate Division, First Department. July 11, 1913.) Action by Margaret A. Lynch against Anna Murphy. No opinion. Application denied, with $10 costs. Order signed. See, also, 81 Misc. Rep. 180, 142 N. Y. Supp. 373.

In re LYON et al. (Supreme Court, Appellate Division, Second Department. June 27, 1913.) In the matter of the judicial settlement of the account of John Lyon and others, as executors, etc., of William Abrams, deceased, in which Julia E. Fowler and another appeal. No opinion. Decree of the Surrogate's Court of Nassau county affirmed; with costs.

LYON & HEALY v. MUSICAL COURIER CO. (Supreme Court, Appellate Division, First Department. May 29, 1913.) Appeal from Special Term, New York County. Action by Lyon & Healy against the Musical Courier Company. From an order vacating an order for examination before trial and for the production of books, defendant appeals. Reversed, and motion for examination, etc., granted as stated. See, also, 141 N. Y. Supp. 1130. Edward A. Alexander, of New York City, for appellant. Nathan Burkan, of New York City, for respondent.

PER CURIAM. Appeal from an order denying defendant's application for leave to examine plaintiff's officers before trial, and in connection therewith requiring the production of its books and papers. It is unnecessary to examine the merits of the appeal in so far as it pertains to the right of the defendant to examine the plaintiff's officers, because upon the argument respondent's counsel consented, in open court, that the order might be reversed and the motion granted to that extent, provided the production of the books and papers was not directed unless such examination showed same to be necessary. The order appealed from, therefore, is reversed, and the motion granted, without costs to either party, to the extent of directing the examination of Paul Healy, the plaintiff's president, James F. Bowers, its secretary, and Marquette Healy, its treasurer, concerning the matters relevant to the issues in the action, that said officers be examined in the order named and on different days, and at the conclusion of such examination, if it appears that the production of the books and papers is necessary, then defendant may renew its motion for that purpose.

In re LYTTLE. In re BOROUGH OF QUEENS IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. June 20, 1913.) In the matter of the application of Herbert C. Lyttle for payment of an award, etc. In the matter of acquiring title by the City of New York to certain lands, etc., in the Borough of Queens, for bridge purposes. No opinion. Motion granted, and order of reference to Hon. Josiah T. Marean, official referee.

MAALOE, Appellant, v. ZEKOWSKI, Respondent. (Supreme Court, Appellate Division, Second Department. June 13, 1913.) Action by Frederick W. Maaloe against Isador Zekowski. No opinion. Order affirmed, without costs.